IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ITZIK PELED,** : | |
| : | |
| Plaintiff, : | Case No. 2:23-cv-2224 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | Magistrate Judge Kimberly A. Jolson |
| **YAEL PELED,** *et al.***,** : | |
| : | |
| Defendants. : | |

## ORDER

This issue comes before this Court on a Motion to Set Briefing Schedule by Defendants the State of Israel, Shlomo Shtasman, Anat Baron, Naftali Shilo, and Yariv Levin (collectively, the "Israel Defendants") (ECF No. 8) and Plaintiff's First Motion for Default Judgment against Secretary Anthony Blinken, Ambassador Thomas Nides, and Yael Peled (ECF No. 9). Defendants' Motion (ECF No. 8) is **GRANTED** and Plaintiff's Motion (ECF No. 9) is **DENIED WITHOUT PREJUDICE**.

In their motion, the Israel Defendants assert, among other things, that service on them has not been properly effected. (ECF No. 8-1 at 3). Nonetheless, they request an extended briefing schedule for a forthcoming Motion to Dismiss, which they request permission to file on or before January 5, 2024. (*Id.* at 1). The Israel Defendants provide three reasons for their extended briefing schedule request: (1) foreign states are afforded 60 days to respond to a complaint in federal court, and they request that time from the filing of their Motion, plus an additional six days to accommodate for upcoming winter holidays; (2) granting the request with respect to all Israel Defendants represented by the same attorney, as opposed to just the State of Israel, would avoid

piecemeal litigation; and (3) Plaintiff's lawsuit raises many complex issues, including international service of process, foreign sovereign immunity, and the sovereign authority of the State of Israel and its judicial system. (*Id.* at 4). Plaintiff Peled has not opposed the Israel Defendants' Motion.

This Court, having considered the Israel Defendants' Motion to Set Briefing Schedule (ECF No. 8) **ORDERS** that the Motion is **GRANTED**. The State of Israel, Shlomo Shtasman, Anat Baron, Naftali Shilo, and Yariv Levin shall answer, move, or otherwise respond to the Complaint on or before January 5, 2024.

Plaintiff's Motion for Default Judgment against Secretary Blinken, Ambassador Nides, and Yael Peled (ECF No. 9), however, is premature. First, Plaintiff Peled must seek an entry of default by the Clerk of Court under Fed. R. Civ. P. Rule 55(a). If the Clerk of Court enters default, "[t]hen, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the entry set aside." *O'Neal v. Nationstar Mortg.*, 2008 WL 3007834, at *6 (S.D. Ohio Aug. 1, 2008). Only after the defendant has had an opportunity to respond to the entry of default may a party move for default judgment. Fed. R. Civ. P. 55(b). It is important to note, though, that "[a]n entry of default does not automatically entitle the plaintiff to a default judgment." *Methe v. Amazon.com.dedc, LLC*, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019). A plaintiff seeking default judgment "must still show that, when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Id.*

Even if this Court were to construe Plaintiff Peled's Motion as one for default entry, as opposed to default judgment, said motion is without merit. Plaintiff attaches to his Motion a letter sent to him from Mr. Michael Gerardi, Senior Trial Counsel at the Civil Division of the Department of Justice, who states that he represents the federal official defendants named in Plaintiff's lawsuit. (ECF No. 9 at 6-7). Mr. Gerardi then goes on to explain why he does not believe that Plaintiff has

perfected service against the federal official defendants in either their official or individual capacities and advises Plaintiff how to remedy the errors pursuant to Fed. R. Civ. P. 4(i). (*Id.*).

In his Motion, however, Plaintiff notes that he has consulted an attorney, who advised that he need not take extra steps to serve the federal officials in compliance with Rule 4(i) because Rule 4(d) encourages acknowledgement of receipt by waiver and Mr. Gerardi's letter constitutes such a waiver. (ECF 9 at 1-2). While true that some parties may waive service of summons, the United States[1] and its employees are not parties that may do so. *See Fox v. United States Postal Serv.*, 2019 WL 8619622, at *3 (6th Cir. Oct. 30, 2019) (citing Fed. R. Civ. P. 4(d) and 4(i)). Rule 4(d) specifies that "[a]n individual, corporation, or association that is subject to service under Rule 4*(e)*, *(f)*, or *(h)* has a duty to avoid unnecessary expenses of serving the summons" and may therefore be asked to waive service. (emphases added). The United States and its employees, however, are subject to service under Rule 4(i), which provides no exception for waiver of service. *See* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1092.1 (4th ed. updated Apr. 2022) ("Waiver of service may not be requested of the United States and its agencies, corporations, and officers (governed by Rule 4(i)) . . . Rule 4(d) simply is not applicable to these categories of defendants.").

Accordingly, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** and Plaintiff is **ADVISED** to perfect service against the federal official defendants under Rule 4(i) to avoid dismissal of his claims against those defendants.

---

[1] By suing federal officials in both their official and individual capacities (ECF No. 1 at 4), Plaintiff Peled is not only suing the individual officers, but also, in effect, suing the United States. *See Fagan v. Luttrell*, 225 F.3d 658, 2000 WL 876775, at *3 (6th Cir. 2000) (noting that "an action against [] officials in their official capacities constitutes an action against the United States.").

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  November 28, 2023**