IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ITZIK PELED,** | : | |
| | : | Case No. 2:23-cv-2224 |
| **Plaintiff,** | : | |
| | : | Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| **YAEL PELED,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before this Court on Motions to Dismiss filed by Defendants Anthony Blinken and Thomas R. Nides (ECF Nos. 29; 33) and Defendants Shlomo Shtasman, Anat Baron, Naftali Shilo, Yariv Levin, and the State of Israel (ECF No. 35). For the reasons set forth below, the motions are **GRANTED**.

I. BACKGROUND

In July 2023, Plaintiff (*pro se*) filed a Complaint against his wife, Yael Peled; four Israeli officials; the State of Israel; Antony Blinken, the former United States Secretary of State; and Thomas R. Nides, the former United States Ambassador to Israel. (ECF No. 1). Plaintiff's allegations stem from Defendant Yael Peled's disappearance with the couple's children at the end of a roughly two-week vacation in Israel. (*Id*.).

In his Complaint, Plaintiff explains he and Defendant Yael were married and lived in Ohio with their three children. (*Id*. ¶ 1). In December 2020, Plaintiff and his wife visited Israel with their children, when she disappeared with the children and obtained a "no exit order" that forbade Plaintiff from leaving Israel for 22 months. (*Id*.) Plaintiff claims his parental rights were revoked

and he is now "completely alienated from his children and being threatened with several lawsuits in the Rabbinical court and family court of Tel Aviv, Israel." (*Id*. ¶ 2).

Due to his time in Israel, Plaintiff accuses Israel Officials of a "radical feminist ideology" and claim they are involved in a "gender apartheid against men" (*Id*. ¶¶ 6, 9–11). He further alleges wrongdoing of United States Officials by failing to act. (*Id*. ¶¶ 123–35). He brings claims for abduction, tort compensation, "anti-suit," loss of filial consortium, intentional infliction of emotional distress, illegal confinement, racketeering, and a *Bivens* claim. (*Id*. ¶ 9-31). Plaintiff seeks remedies in connection with these events including full custody of his children and rights to collect child support, sanctions against Defendant Yael and the State of Israel, damages from defendants supporting Defendant Yael, declaratory judgment that the Israeli rulings on this matter are not to be recognized in the United States, and declaration that Defendant Yael is an abductor. (*Id*. ¶ 16).

Defendants Anthony Blinken and Thomas R. Nides ("Federal Defendants") in their official capacities filed a motion to dismiss for lack of subject matter jurisdiction (ECF No. 29). They separately filed a motion to dismiss claims against them in their individual capacity for lack of personal jurisdiction and failure to state a claim (ECF No. 33). Defendants Shlomo Shtasman, Anat Baron, Naftali Shilo, Yariv Levin (Israeli Officials), and Defendant the State of Israel (together with the Israeli Officials, the "Israel Defendants") filed a motion to dismiss for immunity, lack of personal jurisdiction, failure to state a claim, and insufficient service of process. (ECF No. 34). Plaintiff responded to the Federal Defendants' Motion to Dismiss. (ECF No. 49).

## II. STANDARD OF REVIEW

Where a defendant challenges the existence of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction to

2

avoid dismissal. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a challenge to the sufficiency of a complaint, and, when considering the motion, the court must view the material allegations of that complaint as true and construe them in the light most favorable to the nonmoving party. *Id*. A factual attack is a challenge to the factual existence of subject matter jurisdiction. *Id*. No presumptive truthfulness applies to the factual allegations. *Moir*, 895 F.2d at 269 (6th Cir. 1990). The district court is free to weigh the evidence to assure itself of its ability to hear the suit. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).

Like its 12(b)(1) counterpart, Rule 12(b)(2) allows a defendant to challenge the court's jurisdiction over the person. *See generally* Fed. R. Civ. P. 12(b)(2). When a court does not conduct an evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff "need only make a prima facie showing of jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal citation omitted). Making such a showing nonetheless requires the plaintiff to "establish[ ] with reasonable particularity sufficient contacts between [defendant] and the forum state." *Id*. (citation omitted). When ruling on a motion to dismiss for lack of jurisdiction, "the court will not consider facts proffered by the defendant that conflict with those by the plaintiff, and will construe the facts in the light most favorable to the nonmoving party." *Id*. (citation omitted).

### III. LAW AND ANALYSIS

#### A. Federal Defendants' Motion to Dismiss

Plaintiff's allegations towards the Federal Defendants are under a *Bivens* claim and include a request for $5,000,000 in damages from the United States. (ECF No. 1 ¶¶ 123–38). "Under

3

the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

The Federal Defendants, in their official capacity, invoke sovereign immunity and move to dismiss this claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 29). The Sixth Circuit "treat[s] sovereign immunity as a 'jurisdictional bar' that, 'once raised as a jurisdictional defect, must be decided before the merits.'" *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023) (quoting *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015)). "'It is axiomatic that absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).; *see also Nuclear Transp. & Storage, Inc. v. U.S. Through Dep't of Energy*, 703 F. Supp. 660, 665 (E.D. Tenn. 1988), *aff'd sub nom. Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989) ("Since plaintiff has failed to demonstrate a waiver of sovereign immunity by the United States with respect to its claims for injunctive or declaratory relief against the United States, those claims must also be dismissed.").

The United States has not waived its sovereign immunity with respect to *Bivens* actions. *See Nuclear Transport & Storage, Inc. v. United States,* 890 F.2d 1348, 1351-52 (6th Cir.1989). While the United States is not a named party here, suits against United States officials in their official capacity, like this one, are no different than suits against the United States. *T.M., Next Friend of H.C. v. DeWine*, 49 F.4th 1082, 1087 (6th Cir. 2022). Thus, sovereign immunity does not permit *Bivens* claims against the Federal Defendants in their official capacities. *Fagan v. Luttrell*, 225 F.3d 658 (6th Cir. 2000). Plaintiff asserts that the Federal Tort Claims Act

4

("FTCA") is a waiver of sovereign immunity. (ECF No. 49 at 5). As Federal Defendants indicated, the United States is the proper party for the cause of action under the FTCA. *Hui v. Castaneda*, 559 U.S. 799, 801 (2010) ("When federal employees are sued for damages for harms caused in the course of their employment, the [FTCA], generally authorizes substitution of the United States as the defendant."). Even so, the "foreign country exception" would likely apply to Plaintiff's claims as they all arise in Israel. *See*, *e.g.*, *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004) (finding "the significant limitation on the waiver of immunity is the [FTCA]'s exception for '[a]ny claim arising in a foreign country.'" (quoting 28 U.S.C. § 2680(k)).

As such, Plaintiff's *Bivens* claim against the Federal Defendants in their official capacities is barred by sovereign immunity.

### B. Individual Federal Defendants' Motion to Dismiss

In their individual capacities, the Federal Defendants move to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). (ECF No. 33 at 3–7). Plaintiff's allegations against the Federal Defendants in their individual capacity are no different from the allegations in their official capacity. Plaintiff only includes a *Bivens* claim and seeks damages. In a damages action against federal officials in their individual capacity, the normal requirements for exercise of personal jurisdiction apply. *Edkins v. Higham*, No. 13-CV-11364, 2014 WL 3664071, at *1 (E.D. Mich. July 23, 2014), *aff'd sub nom. Edkins v. Shartle*, No. 14-1972, 2015 WL 13928989 (6th Cir. Sept. 8, 2015) (citing *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir.1988)).

Personal jurisdiction over a defendant may be general or specific, depending on the nature of the defendant's contacts with the forum state. *Bird v. Parson*, 289 F. 3d 865, 873 (6th Cir. 2002). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's

domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). On the other hand, specific personal jurisdiction exists over an out-of-state defendant who has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires*, 564 U.S. at 923 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The plaintiff must show the defendant "purposefully directed his activities at residents of the forum" and "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted).

Plaintiff does not allege any facts establishing personal jurisdiction, nor does he address personal jurisdiction in his response to the motions to dismiss. (ECF Nos. 1, 49). As to general personal jurisdiction, the Federal Defendants' domiciles are not alleged to be in Ohio. In fact, the addresses provided for defendants listed in the Complaint are all in Washington D.C. or Israel. . (ECF No. 1 ¶¶ 7–15). Additionally, with respect to specific personal jurisdiction, the allegations are that "[t]his Court has personal jurisdiction over the Defendants because the Plaintiff resides in Ohio, defendant Yael Peled and the children resided in Ohio before the abduction and Ohio was the situs of the marital life" along with other facts connecting Plaintiff to Ohio. (ECF No. 1). An analysis of personal jurisdiction, however, "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014).

While Plaintiff alleges that venue is proper here because defendants directed their actions to Columbus, Ohio, this alone is insufficient for personal jurisdiction. Plaintiff has failed to allege any facts of the contacts made by the Federal Defendants and "the mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden*, 571 U.S. at 291.

6

As such, Plaintiff failed to meet his burden of demonstrating personal jurisdiction. This Court does not find it has personal jurisdiction over the Federal Defendants in their individual capacities; thus, the claims are dismissed.

### C. Israel Defendants' Motion to Dismiss

Plaintiff additionally brings claims against the State of Israel and Israeli Officials. Israeli Defendants urge dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 34 at 10-18).

Turning first to the State of Israel, the Israel Defendants invoked the Foreign Sovereign Immunities Act of 1976 (FSIA), Pub.L. No. 94–583, 90 Stat. 2891 (codified as amended at 28 U.S.C. § 1602 et seq.). The FSIA provides that "[f]oreign states are generally immune from suit in United States courts." *Triple A Int'l, Inc. v. Democratic Republic of Congo*, 721 F.3d 415, 416 (6th Cir. 2013). If the FSIA applies, it "'is the sole basis for obtaining jurisdiction over a foreign state in federal court.'" *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 811 (6th Cir. 2015) (quoting *Samantar v. Yousuf*, 560 U.S. 305, 314, 130 S.Ct. 2278, 176 L.Ed.2d 1047 (2010).

Generally, if a state is a "foreign state," there is a presumption of immunity unless a specific exception applies. *Id*. Here, the State of Israel is a "foreign state" under the FSIA. *See, e.g.*, *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 101 (D.D.C. 2005). Thus, unless a specified exception applies, this Court lacks subject-matter jurisdiction over Plaintiff's claims against the State of Israel. *Republic of Hungary v. Simon*, 145 S. Ct. 480, 488 (2025) (quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 355, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993)); *see also Glob. Tech., Inc.*, 807 F.3d at 811 (finding the defendant foreign state "is therefore presumed to be immune from suit, and the burden of production shifts to the plaintiff to rebut this presumption by showing that an enumerated

exception applies. If the plaintiff succeeds, the burden shifts to [the plaintiff] to demonstrate that its actions do not satisfy the claimed exception.").

Plaintiff failed to respond to the Israel Defendants Motion to Dismiss and assertion of immunity. Nonetheless, there is one exception worth addressing with respect to Plaintiff's allegations: the tortious activity exception. *See* 28 U.S.C. §§ 1605(a). The tortious activity exception applies to a tortious act:

> (1) "occurring in the United States"; (2) "caused by [a] tortious act or omission"; (3) where the alleged acts or omissions were those of a "foreign state or of any official or employee of that foreign state"; and (4) those acts or omissions were done within the scope of tortfeasor's employment.

*Qandah v. Johor Corp.*, 799 F. App'x 353, 359 (6th Cir. 2020) (quoting *O'Bryan v. Holy See*, 556 F.3d 361, 378 (6th Cir. 2009)). The Sixth Circuit interprets the first requirement as "mandating that the entire tort occur in the United States. *Id*. Here, however, Plaintiff's claim arises from conduct in Israel. (ECF No. 1 ¶¶ 115). This Court thus finds the State of Israel immune.

As to the Israeli Officials, they are entitled to immunity governed by common-law principles of foreign sovereign immunity *Qandah*, 799 F. App'x at 360 (citing *Samantar v. Yousuf*, 560 U.S. 305, 324-25 (2010)). Similar to the analysis of acts by United States officials in their official capacity, the Supreme Court finds that "actions against foreign officials in their official capacity should be treated as actions against the foreign state itself because the state is the real party in interest." *Id.* (quoting *Samantar v. Yousuf*, 560 U.S. 305, 325 (2010)). As the Israel Defendants explained in their Motion, the Israeli Officials are current or former officials of a foreign government alleged to have committed wrongful acts in their official capacities. (ECF No. 34 at 16). This includes judges on the Israeli Court of Appeals, Israel Supreme court, the civil family court, and in the in the Tel Aviv Rabbinical Court. . (ECF No. 1 ¶¶ 27–32).

Based on Plaintiff's limited *pro se* Complaint, foreign sovereign immunity applies to the State of Israel, and common-law immunity applies to the Israeli Officials. Claims against the Israeli Defendants are thus dismissed for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, The Federal Defendants' motions to dismiss in their individual and official capacities (ECF Nos. 29, 33) are **GRANTED**. Israel Defendants' Motion to Dismiss is also **GRANTED** (ECF No. 34). Accordingly, the following defendants are **DISMISSED:**

- Shlomo Shtasman,
- Anat Baron,
- Naftali Shilo,
- Yariv Levin
- State of Israel
- Antony Blinken
- Thomas Nides

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED: March 31, 2025**